# PHILLIP NARDINGER v. LADIES OF THE MACCABEES OF THE WORLD.[1]

July 13, 1917.

Nos. 20,450—(230).

**Mutual benefit — answer in application for insurance.**

1. In an action on a beneficiary certificate issued by a benefit association, one defense was that deceased, a married woman, stated falsely in her application that she was not pregnant. The evidence sustains a finding that the statement was true.

**Appeal and error — no reversal because evidence was not in regular order.**

2. A decision will not be reversed because material and proper evidence is received out of its regular order.

**Mutual benefit — death from excepted cause — burden of proof on insurer.**

3. Where an insurance contract exempts the insurer from liability if death results from certain excepted causes, the burden is on the insurer to prove that death resulted from an excepted cause, even though the plaintiff negatives such fact in his complaint. An erroneous instruction by the court, that the burden of proof is on the plaintiff, cannot aid the defendant in upsetting a verdict for plaintiff.

**Same — evidence.**

4. The beneficiary certificate sued on in this case exempted defendant from liability in the event of death from complications arising from pregnancy or childbirth. The evidence is sufficient to sustain the finding of the jury that death did not result from such cause.

**Evidence — hypothetical question — opinion of another witness.**

5. A hypothetical question calling for an opinion on facts testified to by another witness may exclude the opinion given by such other witness.

Action in the district court for Stearns county to recover $1,000 upon defendant's benefit certificate. The defense is stated in the paragraph of the opinion numbered 1. The case was tried before Roeser, J., and a jury which returned a verdict for the amount demanded. From an order

[1]Reported in 163 N. W. 785.

denying defendant's motion for judgment in favor of plaintiff for $14 notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*O'Malley & O'Malley,* for appellant.

*Donohue & Stephens,* for respondent.

HALLAM, J.

Elizabeth Nardinger was a member of the Ladies of the Maccabees of the World, a fraternal beneficiary society, and was the holder of a beneficiary certificate in the sum of $1,000. Plaintiff was her husband and the beneficiary named in the certificate. Elizabeth Nardinger died of acute nephritis. As far as payment of dues and assessments was concerned, she was in good standing at the time of her death. Plaintiff brings this action to recover the amount of the certificate. The jury found for plaintiff. Defendant appeals.

1. Defendant contends that deceased, in her application for membership, made false answer to the question: "Are you pregnant?" The answer was "No." The court instructed the jury that if this answer was untrue, plaintiff cannot recover. The jury found that the answer was true. The evidence sustains this finding. The application of deceased for membership was made June 29, 1915. Deceased died February 13, 1916. On the morning of the day of her death a child was removed from her by a process called "forcible delivery." The child was a seven-months' child. It seems clear that the finding of the jury, that deceased was not pregnant when her application was made, was justified by the evidence.

2. Defendant contends that the testimony as to the stage of maturity of the child when born was improperly received. The objection is based on the fact that this evidence was elicited on cross-examination of the attending physician, who had been called by defendant, and that this was not proper cross-examination. We think the cross-examination was germane to the examination in chief and was proper. In any event, the testimony was material and proper. The order of proof is a matter resting largely in the discretion of the trial court, and a case will not be reversed because material and proper evidence is received out of its regular order.

3. The next question is this: The application for membership con-

tained this clause: "I further agree that the order shall not be liable on any benefit certificate to be issued to me if I should die within nine months from my examination as a benefit member with complications arising directly or indirectly from pregnancy, or childbirth, or the consequences thereof; * * * provided that in case of my death from pregnancy, childbirth * * * within the time herein stated, the order shall pay to my beneficiary or beneficiaries the amount of all monthly rates contributed by me, which shall be the full measure of liability."

Defendant's claim is that deceased died "from complications arising directly or indirectly from pregnancy, or childbirth, or the consequences thereof." The contention is made by plaintiff that this provision of the contract is void as against public policy. See Merriman v. Grand Lodge D. of H. 77 Neb. 544, 110 N. W. 302, 8 L.R.A.(N.S.) 983, 124 Am. St. 867, 15 Ann. Cas. 124. We do not decide this question since the order must be affirmed on other grounds.

The burden was on defendant to prove that death resulted from a cause within the exception of the contract. Lockway v. Modern Woodmen, 121 Minn. 170, 141 N. W. 1; Thompson v. Bankers Mut. C. Ins. Co. 128 Minn. 474, 151 N. W. 180, Ann. Cas. 1916A, 277; Wising v. Brotherhood of A. Yeomen, 132 Minn. 303, 306, 156 N. W. 247. This rule is not changed by the fact that the plaintiff unnecessarily alleged that deceased did not die from any of the excepted causes. See Scheufler v. Grand Lodge A. O. U. W. 45 Minn. 256, 47 N. W. 799.

The trial court erroneously charged the jury that the burden of proof was on the plaintiff to prove that deceased did not die from a complication arising from pregnancy. This was not excepted to and, had the verdict been for the defendant, plaintiff would have been bound by his acquiescence in this ruling. Burgraf v. Byrnes, 104 Minn. 344, 116 N. W. 838. But we do not think that this erroneous ruling in defendant's favor can come to the aid of defendant in upsetting the verdict.

4. The clause quoted exempts the defendant from liability in case of death from complications arising from either pregnancy or childbirth. The evidence is reasonably clear that death did not arise in any manner from the childbirth. The testimony of the attending physician is that

deceased was in extremis when the child was taken from her and that she would have died had the child not been removed.

Whether death resulted from complications arising from pregnancy is another matter. In considering this question, we may accept the fact, testified to by defendant's experts, that nephritis is one of the frequent complications attending pregnancy; that in a general way nephritis is caused by the presence of poison in the system; that this posion may come from without, or it may arise within the body, and that pregnancy is sometimes responsible for its presence. On the other hand Dr. Boehm, plaintiff's expert, testified that "pregnancy alone" does not cause nephritis. Probably there should not be any serious quarrel over this proposition. Dr. Beebe, defendant's expert, testified that healthy women do not have disease with pregnancy. This, in connection with the balance of his testimony, we take to mean that while the poison that causes nephritis may be produced by the pregnancy, it is not so produced where all organs of the body perform to the full their normal functions. If the testimony of any of defendant's experts would lead to any other conclusion, the jury were not obliged to follow it. But these matters are collateral to the issue. The testimony is uncontroverted that nephritis may result from a variety of causes and that nephritis may occur during pregnancy from causes entirely independent of it. The question was asked of medical witnesses on both sides whether, in their opinion, the nephritis of which Mrs. Nardinger died, was caused by pregnancy. Defendant's witnesses answered, "yes;" plaintiff's witnesses answered, "no." The facts are such that the jury might well have found for the defendant on this issue, but we cannot ignore the testimony of plaintiff's witnesses, and, in view of the fact that the burden of proof rests on the defendant as to this proposition, we feel bound to hold that the verdict of the jury has sufficient evidence to sustain it.

5. Objection is made that, in a hypothetical question to Dr. Boehm, counsel for plaintiff asked for an opinion assuming the testimony of Dr. Goehrs to be true, "excluding, however, his opinion that he gave." We think it was proper to exclude Dr. Goehrs' opinion from consideration. Crozier v. Minneapolis St. Ry. Co. 106 Minn. 77, 118 N. W. 256.

Order affirmed.