VALE, Respondent, vs. NOE, Appellant.

*September 22—October 19, 1920.*

*Physicians and surgeons: Malpractice of dentist: Res ipsa loquitur: Burden of proof: Evidence.*

1. In an action against a dentist to recover for injuries sustained when an electrically driven disk slipped from plaintiff's tooth to the bottom of her mouth, the burden is on the plaintiff to establish that the injury was the result of the negligence of the dentist.
2. Negligence of the defendant cannot be inferred from the mere fact of injury to the patient, there being no room for the application of the doctrine of *res ipsa loquitur,* as the injury may have been the result of pure accident or of an involuntary movement by the patient; nor could negligence be inferred merely because of defendant's failure to cut off the power from the disk instantaneously with the happening of the accident.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Malpractice. The defendant is a dentist, residing in the city of Madison. He was preparing the last tooth on the lower left jaw of the plaintiff to receive a crown when the disk or stone, which is about one thirty-second of an inch in thickness and five-eighths of an inch in diameter, slipped

from the tooth, cut a considerable gash in the bottom of the plaintiff's mouth, cut her tongue, and occasioned the damages for which this action is brought. It was claimed by the plaintiff that the injuries sustained by her were the result of a failure on the part of the defendant to exercise due and proper care and skill as a dentist or dental surgeon in operating upon and treating her teeth, and that, while using the stone operated by electricity, the defendant negligently and carelessly caused it to produce the injuries complained of. It was the contention of the defendant that the injuries were due to the fact that the plaintiff moved her tongue or jerked her head and were therefore the result of her own negligence. Upon the trial the jury found that the appellant failed to exercise ordinary care; second, that the injury to the respondent was the natural and probable result of such failure; third, that the appellant, a person of ordinary intelligence and prudence, ought to have foreseen that an injury might result from such failure; fourth, that the respondent, immediately before the injury, did not move her tongue suddenly or violently and did not jerk her head, and assessed the damages at $475. There was a motion to set aside the verdict and for a new trial. The trial court was of the opinion that the defendant having testified that "if he had removed his foot from the control lever immediately upon the stone leaving the tooth, the stone would have stopped before it inflicted the injury here in question. With this testimony of the defendant before it, it became a question of fact to be determined by the jury whether, in view of the circumstances under which the defendant acted, he exercised reasonable care and skill in failing to stop the stone before it inflicted the injury," therefore denied the motions. Plaintiff had judgment upon the verdict, from which the defendant appeals.

The cause was submitted for the appellant on the brief of *Curkeet & Lewis* of Madison, and for the respondent on that of *Gilbert, Ela & Heilman* of Madison.

ROSENBERRY, J.   That the plaintiff sustained an extensive cut and severe injuries to her mouth and tongue, that such cut and injuries were caused by reason of the fact that the disk passed from the tooth to the bottom of the plaintiff's mouth and came in contact with her tongue, cannot be denied.   The burden of proof, however, is upon the plaintiff to establish by a fair preponderance of the evidence that such cut and injury was the result of the defendant's negligence before any legal liability on his part can be predicated thereon.   We give much weight to the determination of trial courts in matters of this kind, and it is only when we are convinced that the trial court is clearly in error that his rulings are disturbed.

There is no room here for the application of the doctrine of *res ipsa loquitur*.   Negligence of the defendant cannot be inferred from the fact of injury under the circumstances in this case.   This injury may be the result of pure accident, it may be the result of an unconscious, involuntary movement on the part of the plaintiff.   The finding of the jury that she did not move her head was necessarily based solely on the testimony of the plaintiff.   She may have moved her head involuntarily or the action of her muscles may have been spasmodic.   The fact that the cut is in the bottom of the mouth at the juncture of the tongue with the bottom of the mouth is a circumstance which indicates that the tongue was moved in some way from the position occupied just before the accident.   The finding of the jury amounts to a finding that she did not consciously move her head or jerk her tongue, and no more.   The burden is upon the plaintiff to eliminate these possibilities and establish affirmatively the fact that the injuries were the result of the defendant's negligence.   The trial court correctly pointed out the only testimony upon which such an inference could be based, and we are called upon to determine whether or not it may properly be deduced therefrom in the light of all the evidence in the case.   The plaintiff testified:

"I was conscious of the passing of the instrument from my tooth to my tongue and felt the instrument leaving the tooth.    It was just like that [snap of the finger].    It was that quick.    From the time it left the tooth until the laceration occurred it was a very short space of time, almost instantaneous as near as I could tell.    I wouldn't think that there was any space of time there that I could measure."

The defendant testified:

"If it were possible for me to have immediately removed my foot at the time the stone left the tooth the injury would not have happened.    After the stone left the tooth, in the movement, I tried to protect the patient as much as possible. . . . There was no cut on the side of the tongue, but it was all in the soft tissues at the junction of the tongue with the floor of the mouth.    I had an impulsive idea as to what I was trying to do to avoid injury and had a clear knowledge of what I was doing.    I had no time to form a plan, and my motion in trying to keep the stone above the tongue was impulsive without time to think it out. . . . I knew while the stone traveled the one and three-eighths inches that it had left the tooth, and when the stone started to penetrate the tongue, stopped it as instantly as could be.    If it had been possible to have taken my foot off the control I probably would have done it.    The convulsion prevented my shutting off the power because my mind was centered on trying to dodge the tongue.    I shut the power off as instantly as I could, and I doubt whether I can handle my foot as quickly as my hand. . . . I didn't take my foot off the control instantly because it all happened instantly."

Upon consideration of all the evidence, only part of which is set out here, we are convinced that there was no room for an inference of negligence on the part of the defendant merely because of his failure to shut off the power more instantaneously, so to speak, than the accident itself happened.    It is a matter of common knowledge that it requires an appreciable time for the mind and muscular system to act.    The evidence of both the plaintiff and the defendant establishes the fact that the time within which the accident began, happened, and terminated was an instant of time.

How can it be said that the defendant was negligent by reason of his failure within that instant to have shut off the power so as to have prevented the accident? In holding that negligence might be inferred from this circumstance, we think the trial court was in error. There being no other evidence of negligence on the defendant's part, the motion to set aside the verdict should have been granted.

*By the Court.*—Judgment reversed, with direction to dismiss the complaint.