## ELGIN NAT. WATCH CO. v. ELGIN CLOCK CO.

District Court, D. Delaware. May 24, 1928.

No. 609.

Evidence ⚖️318(7)—Affidavit of expert respecting meaning of alleged trade-name, based solely on unverified answers to questionnaires, held inadmissible as hearsay (Equity Rule 48).

Affidavit of expert witness respecting meaning of alleged trade-name as understood by trade, based solely on unverified answers to questionnaires sent out by witness and attached to affidavit, *held* inadmissible, under Equity Rule 48, as being based on hearsay statements or opinions of persons not called as witnesses since rule against hearsay evidence finds no exception in case of expert witnesses.

In Equity. Suit by the Elgin National Watch Company against the Elgin Clock Company. On plaintiff's petition for an order for leave to file an affidavit and exhibits thereto annexed. Petition denied.

William G. Mahaffy, of Wilmington, Del. and Edward S. Rogers (of Reed & Rogers), of Chicago, Ill., for plaintiff.

Ward & Gray, of Wilmington, Del., and Wallace R. Lane, of Chicago, Ill., for defendant.

MORRIS, District Judge. In this suit, instituted by the Elgin National Watch Company against the Elgin Clock Company to obtain a decree enjoining and restraining the defendant, which manufactures or assembles clocks for automobiles, from using, in connection with timepieces other than those of the plaintiff, any corporate name or business style of which the word "Elgin" forms a part, the plaintiff, relying upon equity rule 48, has presented its petition praying for an order granting it leave to file an affidavit of Arthur L. Lynn and the exhibits thereto annexed. The affidavit, submitted with the petition, purports to be that of an expert witness with respect to the meaning of the word "Elgin," as understood by the public when used in connection with timepieces, their manufacture or sale.

The defendant opposes the granting of the prayer of the petition upon the grounds that rule 48 introduces an exceptional method of taking testimony in the limited class of cases therein specified, is in derogation of the general rules with respect to evidence, and must be construed strictly. Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174. It takes the position that the petition for leave to file the submitted affidavit was not presented within the time fixed by the rule, that the court is without power to enlarge the time, that the word "Elgin" is a trade-name, not a trademark, and that the affidavit discloses on its face that the opinion of the affiant is based on facts derived from sources other than evidence in the case, from inadmissible hearsay statements, and is but an attempt indirectly to show the unsworn opinions of unidentified persons not called as witnesses. The affidavit reads thus:

"Arthur L. Lynn, being duly sworn, upon oath states as follows:

"I am a member of the advertising firm of Lennen & Mitchell, Inc., 17 East 45th Street, New York City. In order to ascertain whether or not the word 'Elgin,' as applied to timepieces, means to retail jewelers the products of any particular concern, our company, under my supervision, mailed to representative retail jewelers throughout the United States a questionnaire which embraced the following questions:

"1. How long have you been in the jewelry business?

"2. How long have you known of Elgin watches?

"3. In connection with clocks and watches, does the name 'Elgin' mean to you and your customers the products of any particular concern or not? If so, whose?

"4. If you saw the name Elgin Clock Company on an automobile clock or watch, who would you think made it?

"5. Who would your customers think made such a clock or watch?

"6. If the name 'Hunter' appeared on the dial, the name Elgin Clock Company on the back, and no name on the movement, who would you think made it?

"7. Have you ever had a customer bring in such a watch or clock for repair, thinking it was made by the maker of Elgin watches?

"8. If you should be offered automobile vanity cases or smoking cases, marked with the word 'Elgin'—for example, 'Elgin Vanity,' or 'Elgin Smoker'—who would you think made them?

"Filed herewith and made a part of this affidavit are the questionnaires which were received from these retail jewelers throughout the United States. From a careful examination of these questionnaires, I am of the opinion that the name 'Elgin,' used in connection with timepieces, means the Elgin National Watch Company, and that the name 'Elgin,' used in connection with the manufacture and sale of timepieces, would be taken by the public to mean the products of the Elgin National Watch Company.

"This affidavit is filed under equity rule 48, and is to be used by the plaintiff in connection with the above-entitled suit."

About 2,000 returned questionnaires were submitted as exhibits with the affidavit.

The plaintiff concedes that its petition presents a case of first impression. It has found no judicial construction of equity rule 48, and nothing, other than the words of the rule, to reveal or define the character of testimony which those who drafted the rule contemplated might be properly considered expert testimony in trade-mark cases, though it points out that in Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731, the Supreme Court received the testimony of experts on the question of distinctiveness and deceptive resemblance. Plaintiff likewise shows that the difficulty of proving a trade-name in court is referred to in Cutler on Passing Off, p. 43, where the author states that two questions naturally arise, and that these are (1) the nature of the evidence by which a trader can prove that that which he claims as his trade-name does in fact denote or distinguish his goods in the market; and (2) the quantity or amount of such evidence that he must adduce to prove his proposition.

The author asserts that the plaintiff has to prove that to a considerable portion of the trade or of the public the trade-name means the plaintiff's goods and nothing else, and that such evidence can and ought to be given by traders and by members of the purchasing public. The author then says: "Of course, to call one such witness would be insufficient, as no court would place much, if any, reliance upon the evidence of one such witness. But then how many such witnesses ought the plaintiff to call? It may be stated that he ought to be prepared with from 20 to 30 of such witnesses. * * * In selecting his 20 or 30 witnesses, the plaintiff must not take them all from one locality, but from different parts of the country, and in particular he ought to have some from the locality where the defendant's trade is carried on."

The plaintiff suggests that one of the objects of rule 48 was to eliminate the necessity of calling, in cases of this character, numerous witnesses from all the different parts of the United States, and that apparently only by the procedure adopted by the plaintiff can such result be accomplished. While recognizing the practical difficulties presented in establishing, by satisfactory proof, what a trade-name nationally known denotes to the trade and to the public, I am not convinced that rule 48 does or was intended to make the innovation with respect to such proof that is here suggested by the plaintiff.

Were plaintiff's position sound, rule 48 would have as one of its consequences a nullification of the long-established proposition that the rule against hearsay evidence finds no exception in the case of expert witnesses. Jones' Commentaries on Evidence, vol. 3, § 1335, p. 242, says:

"The general rule against the consideration of hearsay by a judicial tribunal finds no exception in the case of expert witnesses. While, as stated in preceding sections, expert opinions may in some cases be based upon personal knowledge gained from observation or examination, the rule is well established that hearsay in the form of information gained from the statements of others outside the courtroom is not such personal knowledge, nor may it be the basis of an expert opinion."

In Michael v. Crescent Pipe Line Co., 159 Pa. 99, 28 A. 204, it was held that a person called as an expert witness must, to be competent, have actual personal knowledge of

the facts affecting the subject-matter of the inquiry. An expert may not base his judgment upon the opinion of another expert. Nardinger v. Ladies of Maccabees of World, 138 Minn. 16, 163 N. W. 785; Williams v. State, 64 Md. 384, 1 A. 887; Barber's Appeal, 63 Conn. 393, 27 A. 973, 22 L. R. A. 90. The facts upon which the inference or conclusion of an expert witness is based must be proved by legal evidence. In re James', 124 Cal. 656, 57 P. 578, 1008; Sauntman v. Maxwell, 154 Ind. 114, 54 N. E. 397. The affidavit submitted for filing is one based, not upon personal knowledge of the affiant nor upon facts admitted in evidence, but, on the contrary, is predicated solely upon the unverified statements or opinions of persons not called as witnesses.

Without regard to the soundness of the remaining objections urged by the defendant, I am constrained to conclude that the prayer of plaintiff's petition must be denied, for the reason that a proper basis is wanting for the judgment or opinion of the affiant.