## AMANDA ELLERING v. L. G. GROSS.[1]

May 5, 1933.

No. 29,387.

[1]Reported in 248 N. W. 330.

*Cobb, Hoke, Benson, Krause & Faegre* and *C. P. Randall,* for appellant.

*Henry H. Sullivan,* for respondent.

*HOLT, Justice.*

Action for malpractice. Verdict for plaintiff, and defendant appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Defendant is a dentist practicing at St. Cloud, and was fitting a bridge to the teeth on plaintiff's right lower jaw when the instrument used to polish the bridge slipped and cut the flesh at base of the tongue. The claim of plaintiff is that the cut was about one inch in length and about a quarter of an inch at the deepest part. Defendant says it was about half an inch in length and one eighth of an inch deep. The instrument which slipped was electrically operated, and at the end of it was a revolving carborundum disk such as is ordinarily used to polish and fit metal bridges. Defendant lays the slipping to a voluntary or involuntary jerk of plaintiff which caused the disk to break, thereby throwing the jagged revolving part against the tissues beneath the tongue. That plaintiff received

some injury in her mouth from the dental instrument used by defendant in the professional work he was doing for her is conceded. The issues for the jury were: (a) Was the injury caused by the negligence of defendant? (b) if so found, what were the damages sustained? The first issue involved also the issues raised as to whether plaintiff caused or proximately contributed to the result, and whether the injury was due to the breaking of the disk, an accident happening without the fault of defendant.

Defendant contends that he is entitled to judgment notwithstanding the verdict on the ground that there is no evidence upon which the jury could find him liable. He raised the proposition by proper motions at the trial and after the verdict. He rests his contention, in part at least, upon these instructions given at his request:

"1. The question as to whether the defendant was negligent in treating the plaintiff is whether he used that degree of care and skill used by dentists in the same or similar localities. This is a scientific question to be determined from the expert testimony of dentists qualified to speak as experts, and the jury must base its findings upon the testimony by the dentists herein relative thereto. * * *

"4. The plaintiff must negative any other cause than defendant's alleged negligence as the proximate cause of her injury before she can recover."

By inducing the court to give him more favorable instructions than he is legally entitled to, defendant should not have judgment because thereof if the evidence under the correct instructions given sustains the verdict. We think the second sentence of the first instruction is not applicable to all malpractice cases for the reason that the acts claimed to be malpractice may be of such a nature that laymen may be able to decide whether or not they are such without the aid of expert opinion. This was stated in Getchell v. Hill, 21 Minn. 464, and has since been recognized, as shown by the citations in Bush v. Cress, 181 Minn. 590, 233 N. W. 317. The cause of the movement of the dental instrument from the bridge to

the tissues of the mouth was not a scientific question. It was not a part of the treatment or intended treatment. It is obvious that instruction four lays a heavier burden on plaintiff than our law demands. Plaintiff did not have to prove that her negligence did not cause or contribute to the injury. The court commenced the charge by reading defendant's requested instructions, stating they were the ones requested by him. This is not to be commended. In the charge where the court employs its own language the jury is correctly instructed as to the law upon all the issues submitted. In that situation there should not be judgment notwithstanding the verdict if the evidence permitted the jury under the correct instructions given to render the verdict that was rendered against defendant. And defendant of course cannot have a new trial because the court at his request gave instructions much more favorable to him than the law sanctions. Defendant cannot avail himself of the bad law he induced the court to give. Nardinger v. Ladies of the Maccabees, 138 Minn. 16, 163 N. W. 785. The verdict is not contrary to the correct instructions that were given and to which defendant did not except.

Does the evidence sustain the verdict, applying the correct instructions thereto? It is to be borne in mind that the injury was not produced by any intended treatment, so proper practice is not directly involved. Nor is there any claim that defendant did not use proper practice in the treatment of the wound inflicted. Recovery depended upon proof that the wound in plaintiff's mouth was caused by the carelessness or negligence of defendant while using the instrument mentioned. Ordinarily the instruments used by dentists may be and are so controlled by the dentist using them in the mouth of a patient that no cuts or lacerations take place upon parts in the mouth not intended to be touched. Here defendant rightly felt that he should account for the wound the instrument manipulated by him inflicted. He attempted to do so by testifying that plaintiff moved her head. Plaintiff denied that she did. He said the disk used broke because of plaintiff's jerk of the head; that he applied the disk lightly to the bridge he was fitting.

Plaintiff maintained that he bore down hard. If the disk was subjected to excessive pressure it was for the jury to say whether that was careless conduct on the part of defendant. Defendant did not claim that the disk was defective, nor that such disks frequently break when properly used. So the main fact issue upon which the case turns is whether plaintiff's head or jaw moved or did not move at the moment of the slipping of the instrument. We cannot hold as a matter of law that the jury cannot find that defendant's negligence caused the injury. The same holds true as to plaintiff's alleged contributory negligence. Cases are cited by defendant involving the method and skill of a dentist in extracting teeth where unlooked for injuries resulted. Of course, as a rule, it is then necessary to a recovery to prove by experts that the method pursued by the dentist was not good practice as pursued by the ordinarily skilled dentists in that territory. But, as before stated, neither the instrument used nor the method of fitting the bridge is questioned; it is the lack of ordinary care and skill in applying the instrument so that it entered and injured tissues not intended to be treated. Of the cases cited by defendant the ones that come the closest to being of some aid here are McTyeire v. McGaughy, 222 Ala. 100, 130 So. 784; Chubb v. Holmes, 111 Conn. 482, 150 A. 516; Bollenback v. Blumenthal, 341 Ill. 539, 173 N. E. 670; Donoho v. Rawleigh, 230 Ky. 11, 18 S. W. (2d) 311, 69 A. L. R. 1135; Hill v. Jackson, 218 Mo. App. 210, 265 S. W. 859. The one case specially relied on and which is almost on all fours with the case at bar is Vale v. Noe, 172 Wis. 421, 179 N. W. 572. The court there, however, stresses the point that negligence of the dentist depended upon his ability to stop the revolution of the disk instantly, whereas it seems to us that the negligence, if any, consists in permitting the disk to slip or be diverted from the place it was to grind to tissues not intended to be touched. The federal circuit court of appeals, in the well considered opinion of Vergeldt v. Hartzell, 1 F. (2d) 633, in reversing the court below, which, following Vale v. Noe, 172 Wis. 421, 179 N. W. 572, had directed a verdict for defendants, holds that plaintiff could properly invoke the rule of res ipsa loquitur, a rule of

evidence, and declines to follow the Wisconsin court, the facts being practically the same. The court of appeals also refers to Evans v. Roberts, 172 Iowa, 653, 660, 154 N. W. 923, 926, where in removing adenoids an instrument used by the surgeon cut off a part of the patient's tongue. The court said:

"If we understand counsel correctly, it is their contention that negligence in cases of this nature can be established only upon the testimony of competent experts. What may be the rule where the sole question is upon the treatment of the diseased part, and whether it was in accordance with approved and medical standards, we need not here decide; for, as we have already noted, this is not a case of that kind. The jury here did not have to consider whether the method of the defendant in removing the adenoids was correct or scientific, but whether the unintentional wounding of plaintiff's tongue was occasioned by lack of reasonable care on his part. This, it would seem very clear, involves no question of science or necessarily of expert knowledge."

We have also recognized that in certain cases of malpractice the rule of res ipsa loquitur may be available to a patient and that a recovery is not always dependent on testimony of medical experts. Prevey v. Watzke, 182 Minn. 332, 234 N. W. 470; Johnson v. Arndt, 186 Minn. 253, 243 N. W. 67. If defendant's want of care caused the instrument to slip from the intended place of operation, it is self-evident that such carelessness was the proximate cause of plaintiff's injury.

The conclusions already expressed necessarily dispose of the refusal to give defendant's fifth request. The ninth request was sufficiently covered in the paragraph with which the charge closed.

The errors assigned upon the rulings on evidence do not present anything worthy of discussion.

The verdict is assailed as excessive. Undoubtedly there was pain for some time. Plaintiff continued to do her housework. No doctor was called to treat the wound. The only undisputed objective result now remaining is a scar the size of a kernel of corn. Plaintiff

claims that in eating there are sometimes shooting pains. The medical experts think some nerve filament embodied in the scar mentioned causes the pain upon certain movements of the mouth. There is a disputed claim of lack of sensation on the right side of the tongue. Plaintiff and her husband think her voice does not sound the same as before the injury—the voice being more singsong, as expressed by the husband. The verdict was $1,500. The award appears to us too large. There should be a new trial unless plaintiff files her consent to a reduction of the verdict to $1,000 within 20 days after the filing of the remittitur in the court below.

If such consent to a reduction of the verdict is not so filed, the court below is directed to grant a new trial.

*STONE, Justice* (concurring).

I concur in the result. Defendant is not entitled to judgment, but if I had my way about it he would have a new trial under the rule of M. St. P. & S. S. M. Ry. Co. v. Moquin, 283 U. S. 520, 51 S. Ct. 501, 75 L. ed. 1243, reversing Moquin v. M. St. P. & S. S. M. Ry. Co. 181 Minn. 56, 231 N. W. 829.

*WILSON, Chief Justice* (dissenting).

I dissent. I think the verdict should stand as rendered.

*DIBELL* and *LORING, Justices* (dissenting).

We agree with the Chief Justice.