**James R. NEAL, Appellant,**

v.

**Dr. Lawrence V. WILMOTH, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1961.

———◆———

Joe G. Leibson, Leibson, Leibson & Leibson, Louisville, for appellant.

Kent McElwain, Louisville, for appellee.

PALMORE, Judge.

This is a malpractice suit against a dentist in which a verdict for the defendant was directed at the close of the plaintiff's evidence. The only question on appeal is whether the circumstances disclosed by the testimony were sufficient to bring the case within the exception to the rule that expert testimony is necessary to support a cause of action for malpractice. The exception applies "where the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts." Butts v. Watts, Ky.1956, 290 S.W.2d 777, 779. We have concluded that this is such a case.

The injury occurred while the defendant was drilling on one of the plaintiff's lower left molars. The drill slipped off the tooth, whereupon the defendant lost his balance and fell bodily into the plaintiff's lap, jamming the drill deeply into the underside of the patient's tongue. According to the plaintiff, the drill went through the tongue and into his throat, becoming so involved with the soft tissue that the defendant had considerable difficulty in extricating it. There was profuse and prolonged bleeding, sutures were required, and the plaintiff claims to have been rendered generally hors de combat for several weeks. He suffered injury to one of the nerves of his tongue and, at the time of the trial a year later, still felt pain in his neck and had no taste or sensation in the left side of the tongue. Obviously still horrified by this stark experience, the plaintiff may have tended to dramatize it, but even so it is clear that the wound he received was more than superficial.

It is said in the appellee's brief that in directing a verdict the trial court relied on Vale v. Noe, 1920, 172 Wis. 421, 179 N.W. 572, a very similar case where a patient sustained an "extensive cut and severe injuries" to her mouth and tongue when the dentist's instrument slipped from a tooth. In each case the main situs of the injuries was at the juncture of the tongue with the bottom of the mouth, which circumstance, according to the Wisconsin court, "indicates that the tongue was moved in some way from the position occupied just before the accident." A verdict for the plaintiff in the Vale case was reversed on the ground that she had not sustained the burden of specifically eliminating or negating the possibility that the accident resulted from some involuntary motion on her part. The

decision was cited with approval by this court in Donoho v. Rawleigh, 1929, 230 Ky. 11, 18 S.W.2d 311, 69 A.L.R. 1135.

In the instant case the patient testified positively that he did not move his head, and he thought also, but was not quite so sure, that he had not swallowed. But as we view the matter, whether or not he did swallow, thereby causing the drill to slip, is immaterial. In this respect we cannot accede to the contention that the plaintiff's case must fall unless we infer negligence "from the bare fact that the drill lost contact with the tooth" and injured him.

Accidents will occur in spite of the most careful surgery. All the surgeon or dentist can guarantee is that he will perform the operation with ordinary professional skill. A sudden involuntary motion by the patient may cause a dentist's drill to slip and do superficial damage to surrounding tissue. A slight injury of that nature, standing alone, would hardly support a finding of negligence. But that is not our case. Here we have, according to the plaintiff's testimony, a deep and serious wound occasioned not merely by the slipping of the drill, but compounded by the defendant's having to some extent supported his weight against it, with the result that when the drill slipped he went with it. It is a matter of common knowledge that any occupant of a dentist's chair is apt to swallow or to move suddenly and involuntarily during a drilling operation, even while under the influence of local anesthesia. Surely such a contingency must be anticipated by the dentist. It follows, then, that ordinary professional skill would require him to maintain his balance in such a way that if the drill does happen to slip he will not lose his footing and bury the instrument in the soft tissues of the patient's mouth.

Appellee suggests that since the slipping of the drill came first and preceded any movement of his body the latter was not a significant factor in the accident. The pertinent testimony by the plaintiff was as follows:

"Well, he placed a mirror in my mouth with one hand and * * * was drilling on the tooth for a few minutes. * * * and it seemed like he lost his balance, his weight balance, he slipped. * * * the drill slipped off my tooth, and that gave a little momentum to the * * * was the result of the full balance. * * * falling off his balance; falling into my lap, and ramming this thing down my throat, because he had his body weight behind. * * * he was leaning up over me, drilling on my tooth, and when he slipped he just fell on me. * * *"

"Well, he fell in my lap after the drill slipped off the tooth. His hand went first and then his body came after it. * * *."

"While he was drilling on my tooth. * * * the drill slipped off the inside of my tooth towards the center of my mouth, under my tongue, went through the tongue and into my throat, into that section of my throat, and in doing so, when the drill slipped off of the tooth, it gave the feeling of momentum or loss of balance to the slipping here, and he came over this way. * * *"

"No, he didn't just slip and fall over in my lap. The drill slipped off my tooth, and that is what gave momentum to the fall, and that is when his body fell over on mine."

The only fair conclusion to be drawn from this description is that the injury resulted not merely from the slipping of the drill, but also, and to a very material extent, from the defendant's thereby losing his balance, and it is our opinion that this was a sufficiently obvious indication of negligence to take the case to the jury without the support of expert testimony. Butts v. Watts, supra.

The judgment is reversed and the cause remanded for new trial.