**J. Herman MAHAFFEY, M.D., Movant,**

**v.**

**Michael R. McMAHON, Respondent.**

Supreme Court of Kentucky.

March 30, 1982.

Frank P. Doheny, Jr., Woodward, Hobson & Fulton, Louisville, for movant.

Harry L. Hargadon, Jr., Louisville, for respondent.

STEPHENSON, Justice.

The trial court directed a verdict for respondent in movant's case for malicious prosecution. The Court of Appeals affirmed. We granted discretionary review and reverse.

A Mattie Ruth Hoskins was seen by the movant in the emergency room of a hospital at the request of her physician. Hoskins was suffering from abdominal pain and jaundice. After numerous tests were performed, movant recommended surgery. Hoskins consented and movant performed surgery which revealed a collapsed gall bladder and a liver problem. Hoskins recovered normally and was discharged from the hospital without any complaint. There were routine post surgery visits to movant's office which revealed no problems.

About a year after movant first saw Hoskins he was sued by her for medical malpractice. The complaint alleged negligent treatment to the harm of Hoskins and that the surgery was unnecessary. Respondent filed the suit for Hoskins as her lawyer.

Hoskins testified on discovery that she had not experienced any abdominal pain after the operation but that she thought the operation was unnecessary. She stated that she made up her own mind about the conclusion regarding the operation. She further stated that she did not consult another doctor about the operation.

The trial court granted summary judgment to movant, dismissing Hoskins' suit.

Movant then filed suit against respondent and Hoskins for malicious prosecution. Hoskins was found in default and the case proceeded against respondent.

Movant testified as to his first contact with Hoskins and that he saw her at the request of her doctor. He testified she complained of abdominal pain and appeared to have jaundice, her eyes and skin were yellow. He described the tests performed in the hospital on the next two days before surgery and the results of the tests. He diagnosed gall bladder disease or gall stone colic and pancreatitis and recommended to Hoskins that surgery was necessary. During the surgery he found the gall bladder was collapsed and the pancreas diseased. Movant also testified to finding a liver problem of which he had not been aware.

He testified Hoskins had a routine post-surgery recovery, the tests performed showed normal results. These tests were repeated after she left the hospital with normal results. He saw Hoskins three or four times in the office over a period of about six weeks after leaving the hospital. She had no complaints and was doing fine.

Prior to trial this case took a curious turn in that a pre-trial order had been entered with regard to the attorney-client privilege. KRS 421.210(4). The trial court directed that on the trial of the case no question would be permitted regarding the conversation Hoskins had with respondent prior to the filing of the malpractice suit against movant. Hoskins had declined to waive the privilege. Respondent stated on discovery that he advised Hoskins not to waive the privilege. The purpose was clear, to prevent movant from establishing lack of probable cause on the part of respondent in filing the lawsuit against movant. Respondent had testified that he did not seek any medical advice as to Hoskins' claim prior to filing the lawsuit.

The trial court directed a verdict in favor of respondent on the ground that Hoskins' statement to respondent about the lawsuit was essential to the issue of whether respondent lacked probable cause to file the lawsuit.

■ We feel that this is perversion of the doctrine of the privilege. The privilege accorded the attorney-client relationship is for the benefit of the client and not the attorney. 8 Wigmore Evidence (McNaughton rev. 1961) sec. 2321, p. 629. However, in this case we are not disposed to tinker with the attorney-client privilege.

■ We are of the opinion that here, where the attorney-client privilege was invoked at the instance of the attorney-respondent, the movant had made a *prima facie* case of lack of probable cause by his testimony concerning his treatment up to, during and after the surgery. There is medical evidence that the surgical procedure was necessary, and that it relieved the symptoms and was without any harmful effect. With this *prima facie* case it is not essential that movant be required to show

Hoskins' statement to respondent to make a submissible issue for the jury.

We are of the further opinion that instead of fencing around with the issue and leaving the jury to wonder why there is no testimony about Hoskins' conversation with respondent that the jury be informed the privilege was invoked by Hoskins at the instance of respondent and for that reason the jury cannot hear testimony regarding this, and let the jury draw its own conclusion.

We now turn to the expert witnesses proffered by movant.

 The trial court declined to permit their answer to a hypothetical question, including the pertinent facts of the case, unless they would be willing to testify that regardless of what a client related to an attorney in contemplation of the filing of a medical malpractice case it would be necessary to have another doctor's opinion. We are of the opinion the trial court's ruling in this respect was too restrictive. We recognize that all medical malpractice suits do not require expert medical testimony to make out a case. There are situations where lay testimony is sufficient to make a submissible jury issue; for example, amputating the wrong leg. The same standard should be true in this situation. Ordinarily in a medical malpractice case against the doctor, if the complaint was an unnecessary abdominal operation, medical evidence would be essential in proving the cause of action. Hoskins' suit against movant was dismissed for failure to have medical proof on this issue. Respondent having made the choice of advising Hoskins to invoke the privilege, the hypothetical question cannot include the matters related to him by Hoskins. It appears that in this case, involving abdominal surgery together with a normal recovery, it would be highly unlikely that any lay opinion or recitation of facts by a layman would be sufficient to satisfy the requirement of probable cause in the absence of some expert medical testimony to buttress the claim that the operation on Hoskins performed by movant was an unnecessary surgical procedure. The two experts proffered by movant should be permitted to testify from the available facts as to the likelihood of probable cause here.

The decision of the Court of Appeals and the judgment of the trial court are reversed with direction to grant movant a new trial consistent with this opinion.

All concur.