Harris v. Insurance Co.

HARRIS *v.* SECURITY MUTUAL LIFE INSURANCE COM-
PANY.

(*Knoxville.*  September Term, 1914.)

**INSURANCE.  Life policy.  Constitutional ailment.  Affliction
between application and delivery of policy.  Failure to dis-
close.**

Plaintiff, before applying for insurance to be issued by defendant,
had suffered from one or more attacks of renal colic, but in the
application answered "No" to questions as to whether he had
ever been afflicted with renal colic.  Between the date of the
application and the delivery of the policy he was seized with
a severe attack of renal colic, which persisted through several
days, during which time he was informed by his physician
as to the nature of the disease.  *Held*, that it was the duty of
insured to have disclosed such illness to defendant prior to
the delivery of the policy, and its failure to do so constituted
such fraud as would avoid the policy.

Case cited and distinguished:  Equitable Life Assurance Co. v. Mc-
Elroy, 83 Fed., 631.

Cases cited and approved:  Ins. Co. v. Ewing, 92 U. S., 377;
Cable v. Ins. Co., 111 Fed., 19; Merriman v. Grand Lodge, 77
Neb., 544; Carleton v. Ins. Co., 109 Me., 79; Trail v. Baring,
4 De G., J. & S., 318; Ins. Co. v. Railroad, 38 L. J. Ch., 314;
Canning v. Farquhar, 16 Q. B. D., 727.

FROM KNOX.

Appeal from the Circuit Court of Knox County.—
VON A. HUFFAKER, Judge.

JOUROLMON & WELCKER, for appellant.

SHIELDS & CATES and GREEN, WEBB & TATE, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit is by the plaintiff, as executor, to recover of defendant life insurance company upon a policy of life insurance in the sum of $10,000 issued to one Rogers.

It appears that application was made by the insured under date of August 21, 1909; that the application was received at the home office of the company in Binghampton, N. Y., about the 1st of September; that the policy was dated September 17th; that the same was delivered through the agency of one of the banks of Knoxville, the home of the insured, within a few days after this date. In the application for insurance signed by the insured questions were put as to whether or not the insured had ever been afflicted with the renal colic, gravel, or calculus, to which the applicant responded, "No." It appears in the proof, however, that prior to the date of the application the insured had suffered from one or more attacks of renal colic, and that between the date of the application and the date of the delivery of the policy the insured, Rogers, was seized with an attack of renal colic which persisted through several days. His attending physician states that renal colic is primarily a constitutional

disease; that he attended the insured from August 30 to September 9, 1909, for the attack of renal colic above mentioned, which was a typical case; that there was a passage of renal calculus on August 30th, though this physician could not recall that any stone was discovered; that the urine of the insured was in a very murky condition, almost black, for a short period; that, when the insured insisted upon being told, he was informed by the physician that he had renal colic.

It further appears that the defendant insurance company had no local agent in Knoxville, either at the date of the application or at the date of the delivery of the policy, and no claim is advanced that any of its agents had information of this last attack; the policy being delivered in ignorance thereof. It appears that the insured made no effort to disclose to the company the fact of this seizure.

The company defends upon the ground that it was the duty of the insured to make such disclosure, and that the failure to do so was such a fraud on the insurer as to vitiate the policy.

The authorities, almost without exception, are in agreement upon the doctrine that an applicant for such a policy must use due diligence to communicate to the proposing insurer facts materially affecting the risk, which arise after his application has been made and before the contract has been consummated by delivery.

The federal courts hold to this doctrine. *Piedmont, etc., Ins. Co.* v. *Ewing*, 92 U. S., 377, 23 L. Ed., 610;

*Cable* v. *United States L. Ins. Co.*, 111 Fed., 19, 49 C. C. A., 216.   In *Equitable Life Assurance Soc.* v. *Mc-Elroy*, 83 Fed., 631, 28 C. C. A., 365, the United States circuit court of appeals said:

"They (the proposals and the ultimate contract) are all made in reliance upon the continued truth of the representation and certificate, and in the belief that there has been no material change in the health or the probability of the continued life of the subject.   The nature of the contract, the insurance of a man's life, the perfect familiarity of the man himself with the condition of its subject-matter, his own life, the ignorance of the insurance company concerning it, and its necessary reliance in making the contract upon his good faith, honesty, and truthfulness, imposes on him the duty of disclosing to the (insurance) company every fact material to the risk which comes to his knowledge at any time before the contract is finally closed.   An intentional omission to discharge that duty perpetrates a plain fraud upon the company, which necessarily avoids the contract."

A decided majority of the state courts announce the same rule.   See note to *Merriman* v. *Grand Lodge*, 77 Neb., 544, 110 N. W., 302, 124 Am. St. Rep., 867, in 8 L. R. A. (N. S.), 983, and in 15 Ann. Cas., 126; *Carleton* v. *Patrons', etc., Ins. Co.*, 109 Me., 79, 82 Atl., 649, 39 L. R. A. (N. S.), 951.

The courts of England are in accord:   *Trail* v. *Baring*, 4 De G., J. & S., 318, 10 L. T. N., 215; *British Equitable Ins. Co.* v. *Great Western R. Co.*, 38 L. J. Ch.,

Harris v. Insurance Co.

314; *Canning* v. *Farquhar*, 16 Q. B. D., 727.   In the last-named case Lord ESHER, M. R., said that in insurance law the material time was not the date of application, but that of the contract's consummation.   "If there has been a material change, there ought to be an alteration of the representation, and the ground for entering into the contract is altered."

In the pending case, the applicant for insurance knew that a specific inquiry as to renal colic had been made of him, and replied to by him in the application lodged with and being considered by the company, and that his attack intermediate the application and the delivery of the policy was a pronounced one.   As has been noted, that seizure evidenced a material impairment of the applicant's constitution.   We hold that the duty to make disclosure to the company was incumment on him, and that failure to make same constituted a fraud which avoids the policy at the option of the company.

The circuit judge sustained a motion of the insurance company for peremptory instructions to the jury, and his action has been sustained by the court of civil appeals.

Affirmed.