## STUHLBARG, Appellee v. METROPOLITAN LIFE INSURANCE CO., Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6253. Decided July 12, 1943.

526

Messrs. Weinberger & Grad, Cincinnati, for appellee.
Messrs. Marble & Vordenberg, Cincinnati, for appellant.

**OPINION**

By HILDEBRANT, J.

Appeal on questions of law from a judgment entered on a verdict for plaintiff in a suit to recover disability benefit and premium paid under protest under an insurance policy.

Plaintiff, holder of a life insurance policy, with the defendant company, which policy contained disability and waiver of prem-

ium clauses, claims he became permanently and totally disabled on, or before July 30, 1940, by reason of a mental disease. In the application and supplemental application made to the defendant, company his occupation was given first as assistant foreman in the employ of the Cincinnati Cap Company, with duties of giving out and taking care of work in factory, later, as Manager of Cap Factory—same company. The evidence showed he later became a salesman.

Claim for disability on the company form, executed by plaintiff and his physician, Dr. Nathan Saltzman on September 24, 1940, showed treatments by Dr. Saltzman from July 27, 1940 to August 2, 1940, with the doctor answering questions as to the temporary or permanent disability by use of the word "indefinite."

The company refused the claim on the ground that due proof thereof had not been made.

The record discloses trips to Florida and Michigan, examinations by other physicians, with indefinite answers as to prognosis, and confusion as to whether they relate to a specific attack of the ailment or the permanent condition—also visits to various hospitals for short times and a treatment of occupational therapy advised and followed, with plaintiff's brothers testifying they made up a fund to pay plaintiff's wages as a gratuity sufficient to maintain his family.

The pertinent provisions of the policy are:

"THE METROPOLITAN LIFE INSURANCE COMPANY in consideration of an additional premium of Five Dollars and twenty-five cents, payable at the same time and under the same conditions as the regular premium under the policy to which this agreement is attached, except that the additional premium shall cease on the anniversary of the policy after the insured has attained sixty years of age, DOTH HEREBY AGREE, that if while the above numbered policy is in full force and effect, and before default in the payment of any premium, the Company receives due proof that the Insured as the result of injury or disease occurring and originating after the issuance of the Policy, has become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business for compensation or profit, the Company will allow the following benefits:

(a) Provided said disability occur before the Insured attains sixty years of age, but not otherwise, the Company commencing with the anniversary of the policy next following receipt of such proof, will waive payment of each premium becoming due during such disability, and, in addition, commencing six months from the receipt of such proof, will pay each month during the continuance of such disability, to the Insured or to the person designated by him

for the purpose, or if there be no such person designated then to such person as may be found by the Company to have the care of the person of the Insured, a Monthly Annuity of $10.00 for each $1,000.00 of original insurance under the Policy. The waiving of premiums and the Monthly Annuity payments shall be in addition to all other benefits and shall not affect any provision in the Policy, except if there be any indebtedness under the Policy, the interest on such indebtedness shall, if not otherwise paid, be deducted from the Monthly Annuity Payments. The Insured shall not have the right to commute such Monthly Annuity Payments.

\* \* \*

Notwithstanding proof of disability may have been accepted by the Company as satisfactory, the Insured shall at any time, but not oftener than once a year, on demand from the Company, furnish due proof of the continuance of such disability, and if the Insured shall fail to furnish such proof, or if the Insured is able to perform any work or engage in any business whatsoever for compensation or profit, no further premiums will be waived or allowed to accumulate as an indebtedness against the Policy nor will any further Monthly Annuity Payments be made."

The issues are:

(1) Was plaintiff totally and permanently disabled within the terms of the policy?

(2) Did plaintiff furnish due proof of such disability within the terms of the policy?

1. In order to determine the first issue, it is necessary to construe the language quoted supra. Like other contracts, policies of insurance should be construed so as to give effect to the intention and express language of the parties. the intent according to the general rule being obtained originally from a consideration of the language of the entire policy as a whole, in connection with the risk or subject-matter. The general rule of contract construction that a written agreement should, in case of doubt as to meaning, be interpreted against the party who drew it, is applied to policies of insurance. Ohio is in accord with the general rule, and it has been held that in event of doubt, under the terms of the policy and the relation of the parties, whether certain words were used in an enlarged or a restricted sense, other things being equal, that construction will be adopted which is most beneficial to the promisee and thereby vindicate the intent of the parties and the objective of the contract. See: 22 O. Jur., p. 340, §185, for statements and citations.

It has been held that, policies requiring due proof of "total and permanent" disability and also continuing proof from time

to time and if recovery is shown, the company's obligation to pay shall cease, are contradictory and require construction and the provisions construed together mean if insured is totally disabled and will probably be so for life, he comes within the provisions of the policy and the company is required to pay. 5 A. L. R. 1637.

The prevailing rule in most jurisdictions is that the "total disability" contemplated in such a clause in a life insurance policy does not mean, literally, a state of absolute helplessness, but rather such a disability as renders the insured unable to perform all the substantial and material acts necessary to the prosecution of his business or occupation in a customary or usual manner. Also the word "permanent" does not connote its literal construction, but the manner of its use is taken into account and a liberal construction has resulted.

From the variety of language used and disability claimed, a great many cases have resulted, and, therefore, each case must more or less be decided on its own facts and the provisions of the instant policy. Excellent discussion of the subject appears in 29 Am. Jur., §§1160-1165, inclusive. See also: 22 O. Jur., §§175, 185, 669, pp. 332, 340, 775.

Ohio follows the prevailing rules as indicated in: **The Equitable Life Ins. Co. of Iowa v. Gerwick, 50 Oh Ap 277; Wright v. Metropolitan Life Ins. Co., 58 Oh Ap 83; Gibbons v. Metropolitan Life Ins. Co., 135 Oh St 481.**

The court, therefore, is of the opinion that plaintiff was totally and permanently disabled within the terms of the policy, as in the petition alleged.

2. "Due proof" of total and permanent disability is a condition precedent to liability of defendant under the policy. Plaintiff furnished proof originally on forms provided by the company, as shown by plaintiff's Exhibit 2, as follows:

"·7 (a) State in detail the exact condition of the patient at the present time.
(a) Total disability.
7 (b) What is the prognosis?
(b) Indefinite yet.
11 (a) Has the patient's condition shown recent improvement?
(a) Stationary.
12 (a) Has the patient recovered sufficiently to engage in any gainful work, either for full or part time?
(a) No.

13 (a) Is he wholly unable to engage in any work, occupation, or business at the present time?

(a) Total disability.

14 If wholly disabled at the present time, please give your opinion as to whether total disability will be permanent or temporary.·
Indefinite.

15 If total disability will not be permanent, approximate a date on which work of any kind may be resumed. (No answer given by physician)

16 (a) Is there any reason why the patient cannot resume work for either full or part time and continue to receive necessary treatment?

(a) Total Disability."

Subsequently, on November 26, 1940, a supplemental proof on company's form, defendant's Exhibit 4, was submitted as follows:

" 5 (a) State the nature of this injury or sickness.

(a) Diabetes—Dementia praecox.

5 (b) Give your diagnosis as finally made.

(b) Same.

5 (c) Has your diagnosis been confirmed by X-ray, electrocardiogram, or other laboratory tests? If so, state the nature and findings of tests.

(c) Date—11/26/40.
Nature   Urinalysis.
Findings 2% sugar.

11 (a) Has the patient's condition shown recent improvement?

(a) No.

(b) Is the patient continuously confined to house?

(b) No.

12 (a) Has the patient recovered sufficiently to engage in any gainful work, either for full or part time?

(a) No.

(b) If so, give the date the patient was first able to resume any duties.

(b) First able to resume any duties_____

13 (a) Is he wholly unable to engage in any work, occupation, or business at the present time?

(a) Yes.

(b) From what date to your personal knowledge, has the patient been continuously so disabled?

(b) 11/26/40—July 27, 1940 his history.

14    If wholly disabled at the present time give your opinion as to whether total disability will be permanent or temporary.
Probably temporary.

15    If total disability will not be permanent, approximate a date on which work of any kind may be resumed.
2 or 3 mos.

16    (a)    Is there any reason why the patient cannot resume work for either full or part time and continue to receive necessary treatment?

(b)    If so, please explain.

(a)    Yes. In addition to diabetes

(b)    has melancholia."

Dr. McIntyre diagnosed plaintiff's disability as "manic depressive insanity" and described the characteristics of the same and advised occupational therapy.

The court finds no substantial inconsistencies in the proof in the record with total and permanent disability under the terms of the policy, and finds that the requirement as to due proof was properly met by the plaintiff. See: **Equitable Life Ins. Co. of Iowa v. Gerwick, 50 Oh Ap 277,** and **Wolf v. Prudential Ins. Co., 31 N. P. (N. S.) 154.**

The court has examined the record in the light of the other assignments of error herein, and while the general charge is susceptible of criticism, we find no error prejudicial to defendant therein or in the remainder of the record.

The judgment is affirmed.

ROSS, P. J., and MATTHEWS, J., concur.