[Civ. No. 5776.   Fourth Dist.   Dec. 17, 1958.]

CLARA M. CLARK, Appellant, v. CALIFORNIA EMPLOY-
MENT STABILIZATION COMMISSION, Respondent.

Lewis Garrett, Lionel Richman and Garrett, Richman & Nicoson for Appellant.

Stanley Mosk and Edmund G. Brown, Attorneys General, Irving H. Perluss, Assistant Attorney General, and Vincent P. Lafferty, Deputy Attorney General, for Respondent.

COUGHLIN, J. pro tem.*—This is an appeal from a judgment denying petitioner's application for a writ of mandamus entered after sustaining a general demurrer to her petition without leave to amend. At the hearing in the trial court the Unemployment Insurance Appeals Board of the State of California and H. W. Stewart, Director of Employment, were substituted as parties respondent. However, the proceedings against the respondent were continued under the title "California Employment Stabilization Commission, State of California," and for this reason no change therein has been made on appeal.

For two years prior to April 16, 1957, Clara M. Clark, a married woman, had been employed by a telephone company in San Bernardino; both she and her employer made contributions to the Unemployment Fund of the State of California as prescribed by law; on that day she left her employment, being unable to work on account of an alleged illness arising out of an existing pregnancy. Her doctor described her condition as "I. V. pregnancy [2nd trimester]"; declared that she should terminate her work "because of protracted nausea and vomiting of pregnancy"; gave August 21, 1957, as the probable date of delivery; and certified that she would be unable to work from April 16, 1957, until November 15, 1957. On April 17, 1957, pursuant to law, she filed a claim for disability insurance benefits, alleging that she was disabled and unable to work. Subsequently, her claim was disallowed upon the ground that her disability was caused by pregnancy and for this reason she was not eligible to receive unemployment compensation disability benefits payable under the Unemployment Insurance Code.

Disability compensation is paid under a statute, the declared purpose of which is "to compensate in part for the wage loss sustained by individuals unemployed because of sickness or injury." (Unemp. Ins. Code, § 2601.) Section 2627 of the code provides that "A disabled individual is

---

*Assigned by Chairman of Judicial Council.

eligible to receive disability benefits.'', and section 2626 thereof defines the terms ''disability'' and ''disabled'' as including ''both mental or physical illness and mental or physical injury,'' but in no case including ''any injury or illness caused by or arising in connection with pregnancy.''

Mrs. Clark contends that the provisions of the statute which exclude her from participating in the benefits prescribed are unconstitutional in that they subject her to an arbitrary classification and deprive her of the equal protection of the law, of due process of law, of the right to the pursuit of happiness, and of the enjoyment of privileges and immunities which, upon the same terms, are granted to other citizens. In due course, she exhausted all administrative remedies provided by the Unemployment Insurance Code, seeking to recover on her claim, and failing therein, brought these proceedings in mandamus.

The sole question for determination on this appeal is the constitutionality of those provisions of section 2626 of the Unemployment Insurance Code, which exclude illness caused by pregnancy from the disability covered by the statute.

Appellant's arguments upon her variously phrased contentions resolve them into claims that the objectionable provisions of section 2626 are unconstitutional for two reasons: (1) They deprive her of the right to life, liberty and the pursuit of happiness; and (2) They create an unreasonable, arbitrary and illegal classification.

Appellant states that article I, section 1, of the California Constitution, which guarantees her the right to life, liberty and the pursuit of happiness, includes the right ''to marry, establish a home and bring up children,'' citing *Meyer* v. *Nebraska*, 262 U.S. 390, 399 [43 S.Ct. 625, 67 L.Ed. 1042, 29 A.L.R. 1446], and contends that the limitations contained in section 2626 deprive her of this right.

The exclusionary provisions in question are part of a legistive program conferring unemployment compensation disability benefits upon a defined group of employees. Persons sustaining disability caused by pregnancy, by the terms of the statute, are not within this group. Although the law does not confer benefits upon these persons, neither does it take benefits away from them. It can be said of this statute that it did not assist appellant in the enjoyment of the rights guaranteed her by the Constitution, but it cannot be said of this statute that it deprived her of these rights. Whether such disability benefits should be extended to pregnant women is

a matter solely for legislative determination, and is not within the scope of judicial decision.

A statute which excludes individuals of a specified class from benefits conferred thereby does not violate constitutional guarantees of due process of law, equal protection of the law, or uniform application of the law, providing the classification adopted is reasonably related to the purpose of the statute and is based on some natural, intrinsic or constitutional distinction which suggests a reason for and justifies the exclusion. (*County of Los Angeles* v. *Southern Cal. Tel. Co.*, 32 Cal.2d 378, 388 [196 P.2d 773] ; *Sacramento M. U. Dist.* v. *Pacific G. & E. Co.*, 20 Cal.2d 684, 693 [128 P.2d 529] ; *Rainey* v. *Michel*, 6 Cal.2d 259, 270 [57 P.2d 932, 105 A.L.R. 148] ; *In re Weisberg*, 215 Cal. 624, 629 [12 P.2d 446] ; *Martin* v. *Superior Court*, 194 Cal. 93, 100 [227 P. 762] ; *Ex parte Sohncke*, 148 Cal. 262, 263 [82 P. 956, 113 Am.St.Rep. 236, 7 Ann.Cas. 475, 2 L.R.A.N.S. 813] ; *Vail* v. *County of San Diego*, 126 Cal. 35, 37 [58 P. 392].)     Such a classification must not be arbitrary or unreasonable, but must be characterized by some substantial qualities or attributes which render the particular exclusion from benefits necessary or appropriate. (*Martin* v. *Superior Court, supra,* 194 Cal. 93, 100; *Deyoe* v. *Superior Court,* 140 Cal. 476, 481 [74 P. 28, 98 Am.St.Rep. 73].)

The rules which govern a court in passing upon the constitutionality of a statutory classification are well settled. "Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous." (*Sacramento M. U. Dist.* v. *Pacific G. & E. Co., supra,* 20 Cal.2d 684, 693) ;     ". . . before an act of a coordinate branch of the government can be declared invalid by the judiciary for the reason that it is in conflict with the Constitution, such conflict must be clear, positive, and unquestionable; and in case of a fair and reasonable doubt as to its constitutionality, the statute should be upheld and the doubt resolved in favor of the expressed wishes of the people as given in the statute." (*Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal.2d 620, 636 [91 P.2d 577].)

"In determining the need and propriety of classified legislation, where the same does not appear upon the face of the legislative enactment, the court may resort to its judicial

knowledge of the contemporaneous condition and situation of the people, the existing economic, sociologic, and civic policy of the state and all other matters of common knowledge.'' (*Martin* v. *Superior Court, supra,* 194 Cal. 93, 102) ; and if any state of facts reasonably can be conceived that would sustain a questioned classification ''there is a presumption of existence of that state of facts, and the burden of showing arbitrary action rests upon the one who assails the classification.'' (*People* v. *Western Fruit Growers, Inc.,* 22 Cal.2d 494, 507 [140 P.2d 13].)

The defined purpose of the disability compensation provisions of the Unemployment Insurance Code is to compensate, in part, for loss of wages resulting from unemployment caused by ''mental or physical illness and mental or physical injury.'' (Unemp. Ins. Code, §§ 2601, 2626.) Compensation payments for disability unemployment are made from the Disability Fund (Unemp. Ins. Code, § 2625) consisting of money received from various sources, including contributions from employees (Unemp. Ins. Code, § 3004) which are required by law (Unemp. Ins. Code, § 2901). Whenever the Director of Unemployment believes that a change in contributions rate or disability benefit amounts may become necessary to protect the solvency of the Disability Fund, he is required to inform the Governor and the Legislature thereof and make recommendations accordingly. (Unemp. Ins. Code, § 2604.) Without doubt, the rate of employee contributions is related directly to the demand made upon the Fund, which, in turn, is affected by the extent of the coverage provided. It is a matter of common knowledge that illness or injury arising from pregnancy is classified and excluded from the coverage provided by private contracts of health and accident insurance, in order to effect a premium rate lower than is required in the absence of such an exclusion. It is reasonable to assume that the inclusion of illness or injury caused by pregnancy within the coverage provided by the statute would increase substantially the demands upon the Fund and require a like increase in the contribution rate. As these conclusions are within reason, the inquiry into conditions establishing them is a matter for the Legislature, as is also the determination respecting the relative merits of inclusion or exclusion in comparison with the incident contribution rate. It was properly within the sphere of legislative action to determine whether the objects of the statute in question would be served best by including a disability benefit which

reasonably might impose upon the majority of employees a burden disproportionate to contemplated benefits, in order to favor the minority who are included within the classified group. These reasons indicate that the class excluded was not arbitrarily selected, and that the purpose of the exclusion was germane to the legislative object.

, Moreover, to award disability compensation to women employees on account of illness caused by pregnancy, in effect, constituted a maternity benefit plan for a limited group, i.e., women employees. The purpose of the unemployment disability program is to afford relief to employees sustaining loss of wages on account of illness, and not to confer maternity benefits. To accomplish this purpose the Legislature was entitled legally to adopt such measures as might be necessary to exclude the indirect award of maternity benefits as an incident to the administration of its unemployment disability program. The consequent classification adopted has a substantial relation to the legitimate object thus sought to be accomplished.

Also, it should be noted that the statute confines relief to loss on account of illness or injury. The fine line of distinction noted in *National Council of K. & L. of S.* v. *Glenn,* 76 Fla. 592 [80 So. 516, 2 A.L.R. 1503], *Rasicot* v. *Royal Neighbors of America,* 18 Idaho 85 [108 P. 1048, 138 Am.St.Rep. 180, 29 L.R.A. N.S. 433], and *Merriman* v. *Grand Lodge Degree of Honor,* 77 Neb. 544 [110 N.W. 302, 124 Am.St.Rep. 867, 8 L.R.A. N.S. 983], between the discomforts attributable to illness arising out of pregnancy and those identified as a condition of pregnancy is obviated by the exclusionary provision. A fair and expeditious administration of the disability program dictates the elimination of any uncertainty as to whether a particular discomfort or disability is an illness or some other condition arising from pregnancy, and points up a need to exclude this class of claims. Equally applicable to the situation at bar is the observation of the court in *Gillum* v. *Johnson,* 7 Cal.2d 744, 759 [62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595], that "it was deemed necessary to draw the line somewhere in order that the plan be not too cumbersome and unwieldy."

In *Mono Power Co.* v. *City of Los Angeles,* 33 Cal.App. 675, 679, 680 [166 P. 387], the court said: "It must be clearly shown that the legislation attacked makes an improper discrimination by conferring particular privileges upon a class of persons arbitrarily selected from a large number of persons,

all of whom stand in the same relation to the privilege granted, and between whom and the persons not so favored no reasonable distinction or substantial difference could be found justifying the inclusion of the one and the exclusion of the other from such privilege. (*Matter of Miller*, 162 Cal. 687, 698 [124 P. 427].)'' The facts in the case at bar do not establish an improper discrimination under the principles stated in the cited case.

Under the law, our decision in this case must be confined to a determination of the legality of legislative action, and may not pass upon the wisdom or advisability of that action. Thus considered, the classification excluding illness or injury arising out of pregnancy from the disability covered by the statute is not arbitrary or unreasonable; it is germane to the legislation of which it is a part, and is based on a natural and intrinsic distinction suggesting a reason for and justifying the exclusion which operates equally on all within the class.

We conclude that the Legislature acted within the scope of its constitutional power and the petition for a writ of mandate did not state a cause of action.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.