JERGER *v.* COMMERCIAL INS. CO.

[Cite as Jerger v. Commercial Ins. Co., 4 Ohio Misc. 43.]

(No. 41645—Decided March 22, 1965.)

APPEAL: Court of Common Pleas of Richland County.

*Messrs. Bayer & Jerger*, for plaintiff.
*Messrs. Gongwer, Murray, Brown & Bemiller*, for defendant.

MAYER, J.  This is an appeal on questions of law from the judgment of the Mansfield Municipal Court.  Defendant, appel-

lant herein, contends there was error prejudicial to appellant in the judgment, final order and pleadings of the trial court, in that the findings and judgment were contrary to law, contrary to the evidence, and that judgment should have been rendered for defendant.

This case was submitted to the trial court on December 3, 1964, upon the pleadings, stipulations of fact, arguments and briefs of counsel.

In consideration of $28.50 paid by plaintiff, appellee herein, on July 5, 1960, at Mansfield, Ohio, the defendant issued a policy of insurance, being No. GAT 5039, a copy of which is attached to the stipulations herein and made a part thereof.

Said policy covered plaintiff, his wife Catherine E., and his children, and provided as follows:

"This policy insures against loss due to medical expense incurred by the insured or the eligible members of the insured's family, if any, who are named in the application for this policy; resulting directly from accidental bodily injury occurring during any term of this policy, being hereinafter referred to as such 'injury,' or resulting from sickness commencing during any term of this policy, being hereinafter referred to as such sickness."

This policy also provided "no indemnity shall be payable under this policy with respect to such medical expense incurred:
"* * *

"(J)—for pregnancy or any complications therefrom."

Plaintiff kept, observed and performed all the requirements and conditions contained in said policy by him in accordance with the terms thereof. On January 2, 1961, plaintiff's wife, Catherine E., an eligible member of the insured's family under the policy, was hospitalized at People's Hospital, Mansfield, Ohio, by her family physician. Upon such hospitalization, emergency surgery was performed on January 2, 1961, disclosing a condition described as right tubal pregnancy, which had caused severe intra-abdominal hemorrhaging. Plaintiff's wife was confined to People's Hospital from January 2, 1961, until her discharge on January 14, 1961, all for such condition.

As a result of the illness, hospitalization and right tubal pregnancy of his wife, Catherine E., plaintiff was required to and did incur doctor bills for services in the amount of $380, a

hospital bill in the amount of $339.57, and nursing services in the amount of $48, making a total of $767.57. Under the terms of the policy as hereinbefore set forth, plaintiff paid the deductible amount of $250 and 20% of the balance, or $103.49, for a total paid by plaintiff of $353.49. Defendant contracted to pay 80% of medical expenses in excess of the deductible amount of $250, or the sum of $414.08, and defendant did not, nor would not pay the sum of $414.08 although requested by the plaintiff to do so.

It was the finding and judgment of the Trial Court that plaintiff recover from defendant the sum of $414.08, and judgment was accordingly given. Findings of fact and conclusions of law were made and filed.

Is the condition or sickness of right tubal pregnancy among the exclusions of the policy for which plaintiff and the eligible members of his family are not covered by the exclusion "for pregnancy or any complications therefrom"?

The Trial Court concluded and held that tubal pregnancy is caused by a diseased or a malfunctioning tube, that it never results in childbirth, and as it increases and advances, becomes a very dangerous illness.

Further, the conclusion was reached that pregnancy is a normal biological function usually resulting in childbirth; that the normal understanding and meaning given by ordinary people to the word, "pregnancy," is the normal biological function of childbirth and that the contracting parties herein did not intend to exclude tubular pregnancy from coverage in the insurance policy, and if the insurer intended to exclude tubular pregnancy it should have so stated in its policy.

This court can find no quarrel with the reasoning of Judge Jacob Wagenhals, the trial judge, that the language in an insurance policy is to be given the usual meaning and understanding accorded it by persons in the ordinary walks of life. See *Toms* v. *Hartford Fire Ins. Co.*, 146 Ohio St. 39.

To the ordinary and average person the accepted and understood meaning of the term, pregnancy, means that state of the woman from conception to childbirth. Defendant argues that the term should be interpreted to include tubal pregnancy, a term about which the general public has little or no knowledge and which is entirely different from pregnancy.

Defendant, in its brief, cites a case from outside the state of Ohio to bolster the contention that the term, pregnancy, includes a tubal gestation. However, in reading this case, *John Hancock Mutual Life Ins. Co.* v. *Serio, Admr.*, 176 A. 2d 874, it is observed that the court stated the term, pregnancy, encompassed "the stage of actual delivery." And this merely adds to this court's statement in the preceding paragraph, that pregnancy means that state of the woman from conception to childbirth—as accepted and understood by the ordinary and average person. Counsel for plaintiff emphasize in their brief the difference in the terms by pointing out that tubal pregnancy rarely exceeds three months, does not involve the usual signs of pregnancy, the necessity of major surgical intervention with a high fatality rate, and that no childbirth is possible.

That there is some ambiguity in the terms is indicated by the apparent confusion revealed by a study of the definitions in medical dictionaries and standard ones. If the drafter of an insurance policy intends to exclude anything, it should be specifically set forth, and be free from ambiguity and uncertainty. The Ohio Supreme Court, in a case originating in Richland County, *Home Indemnity Co.* v. *Village of Plymouth*, 146 Ohio St. 96, held that where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises that that which is not clearly excluded from the operation of such contract is included in the operation thereof.

Contracts of insurance with language selected by the insurer and reasonably open to different interpretations must be most favorably construed for the insured. *Butche* v. *Ohio Casualty Ins. Co.*, 174 Ohio St. 144; *Peterson* v. *Nationwide Mutual Ins. Co.*, 175 Ohio St. 551; *Stuhlbarg* v. *Metropolitan Life Ins. Co.*, 73 Ohio App. 355 (Hamilton County). Limitations in a policy must be clearly and unambiguously set forth as to allow no room for interpretation. See Williston on Contracts (3 Ed.) 543 *et seq.*, Section 918 A.

It was held in *Conaway* v. *Life Ins. Co. of Virginia*, 148 Ohio St. 598, that a life insurance policy which excludes civilian aviation risks will not be construed to exclude military aviation risks in time of war unless clearly so expressed. Although there was a dissent on this particular point, all did concur that in

case of doubt or ambiguity, a contract of insurance should be liberally construed in favor of the insured.

On an appeal on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity and legality of the proceedings in the trial court. *In re Sublett*, 169 Ohio St. 19. Also see *Makranczy* v. *Gelfand, Admr.*, 109 Ohio St. 325, 331.

After careful consideration of the record herein, this court reaches the conclusion that the findings and judgment of the Municipal Court are not contrary to law, not contrary to the evidence, and that there is no error prejudicial to the defendant, and that the judgment of the trial court should be affirmed.

It is accordingly ordered that the judgment of the Trial Court be, and it hereby is, affirmed.

*Judgment affirmed.*