[Civ. No. 40694. Second Dist., Div. Two. May 24, 1973.]

GAIL E. RENTZER, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent;
VALLEY PRESBYTERIAN HOSPITAL,
Real Party in Interest and Respondent.

## COUNSEL

Rentzer, Segall & Gilbert and Robert D. Rentzer for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Blanche C. Bersch, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

**FLEMING, J.**—Mandamus. Gail Rentzer suffered an ectopic pregnancy[1] when gestation occurred in one of her fallopian tubes, a part of the body in which a fetus cannot survive. The tube ruptured, surgery was required to save Rentzer's life, and as a consequence she was unable to work for six weeks. Rentzer appeals a judgment of the superior court refusing to order the California Unemployment Insurance Appeals Board to award her unemployment compensation disability benefits for the first 28 days of her six-week disability.

At issue is the interpretation of Unemployment Insurance Code section 2626, which provides in pertinent part: "In no case shall the term 'disability' or 'disabled' include any injury or illness caused by or arising in connection with pregnancy up to the termination of such pregnancy and for a period of 28 days thereafter."

The board argues that Rentzer was ineligible for disability benefits for the first 28 days of her disability because her disability arose in connection with pregnancy. Rentzer argues that an "ectopic pregnancy" is really no pregnancy at all, that the Legislature did not intend the 28-day exclusion to apply to her condition.

The question is whether Rentzer's condition amounted to an illness "caused by or arising in connection with pregnancy," which therefore fell within the 28-day period of disability exclusion required under section 2626. While no California cases are directly in point, the scope of section 2626 was considered in *Clark* v. *California Emp. Stab. Com.* (1958) 166 Cal.App.2d 326 [332 P.2d 716], where a woman disabled from employment because of pregnancy challenged section 2626 as a denial of equal protection of the laws. In upholding the reasonableness and validity of the statutory exclusion the court said that exclusion of pregnancy-connected conditions amounted, in effect, to an exclusion of maternity benefits: "[T]o award disability compensation to women employees on account of illness caused by pregnancy, in effect, constituted a *maternity benefit plan* for a limited group, i.e., women employees. The purpose of the unemployment disability program is to afford relief to employees sustaining loss of wages on account of illness, and not to confer *maternity benefits*. To accomplish this purpose the Legislature was entitled legally to adopt such measures as might be necessary to exclude the indirect award of *maternity benefits* as an incident to the administration of its unemployment disability program. The

---

[1]Webster's Third New International Dictionary defines "ectopic pregnancy" as "gestation elsewhere than in the uterus."

consequent classification adopted has a substantial relation to the legitimate object thus sought to be accomplished." (166 Cal.App.2d at p. 332; italics added.) ■ We agree with the court's conclusion that the legislative purpose in enacting the pregnancy exclusion of section 2626 was to spare the unemployment disability program the costs of a maternity benefit plan. (See Walker, *Sex Discrimination in Government Benefit Programs* (1971) 23 Hastings L. J. 277, 285.)

■ But Rentzer's disability was not an ordinary maternity disability involving preparation for and recuperation from normal gestation and delivery. Neither the fetus nor Rentzer could have survived the full term of gestation. Emergency surgery was performed not to deliver a viable child, but to stop internal bleeding, repair the ruptured fallopian tube, and halt a doomed, lifeless pregnancy. In *Jerger* v. *Commercial Ins. Co.* (1965) 4 Ohio Misc. 43 [33 Ohio Ops.2d 24, 211 N.E.2d 99], plaintiff incurred medical expenses in connection with an ectopic pregnancy, and then sought reimbursement under a medical insurance policy that excluded coverage "for pregnancy or any complications therefrom." Construing the policy liberally in favor of the insured, the court of common pleas ruled that an ectopic, or tubal, pregnancy ("a term about which the general public has little or no knowledge and which is entirely different from pregnancy") was not excluded by the terms of the policy. (See also, Annot., 97 A.L.R. 2d 1068.)

The board points out that it has long interpreted the pregnancy limitation on disability as including ectopic pregnancy and the Legislature has not overruled that interpretation by amending section 2626. However, we do not look upon the prior administrative interpretation of the statute as conclusive and controlling, inasmuch as final responsibility for statutory interpretation lies with the courts and not with administrative bodies. ■ "While administrative constructions are entitled to great weight when the language of a statute is ambiguous, final responsibility for the interpretation of the law rests with the court and an erroneous administrative construction does not govern the interpretation of the statute, even though the statute is subsequently reenacted without a change. [Citation.]" (*People* v. *Navarro*, 7 Cal.3d 248, 274 [102 Cal.Rptr. 137, 497 P.2d 481].)

■ Unemployment Insurance Code section 2601 states that the purpose of California's disability compensation law "is to compensate in part for the wage loss sustained by individuals unemployed because of sickness or injury and to reduce to a minimum the suffering caused by unemployment resulting therefrom. [The law] shall be construed liberally in aid of its declared purpose to mitigate the evils and burdens which fall on the unemployed and disabled worker and his family." Under this rule of liberal

construction we conclude that an ectopic pregnancy is not a true pregnancy within the meaning of section 2626 and that Rentzer is entitled to disability benefits for the full period of her disability.

The judgment is reversed, and the cause is remanded to the superior court with directions to issue the writ.

Roth, P. J., and Compton, J., concurred.