INDEPENDENT LIFE INS. CO. v. RUSSELL et ux.—80 S. W. (2d) 846.

Eastern Section. December 22, 1934.

Petition for Certiorari denied by Supreme Court, April 6, 1935.

A. Y. Burrows, of Knoxville, for appellant.
George R. Shepherd, of Newport, for appellees.

McAMIS, J. The Independent Life Insurance Company filed the bill in this case against Newton Lee Russell and wife, Florence Russell, insured and beneficiary, respectively, under a policy of insurance dated June 15, 1930, seeking rescission and cancellation of the policy, because, allegedly, insured made a false representation that he had not previously applied for a policy in, and was not then insured in, any other company. The further allegation is made that insured represented himself to be in good health, when in fact he was then suffering with hernia. The policy provides, in addition to the life insurance coverage, for disability benefits in‘ the sum of $50 per month in event of total and permanent disability.

Under the prayer of the bill, the further prosecution of an action at law on the policy to recover disability benefits was enjoined.

The chancellor found the facts in favor of defendants, and, from

the decree dismissing its suit, complainant company has appealed and assigned errors.

The learned chancellor grouped and determined the decisive issues as follows:

"(1) That the defendant, Newton Lee Russell, was not over-insured, as alleged in complainant's bill.

"(2) The Court finds that defendant was in good health at the time the application for the policy was made and at the time the policy was delivered to him.

"(3) The Court also finds that no false statements were made by defendant, Newton Lee Russell, at the time he made application for the policy, or at the time of the delivery thereof, or in connection with the application and delivery of same.

"(4) The Court also finds that the defendant was disabled, within the meaning of the law, before suit was filed in the Justice of the Peace Court, and after delivery of said policy of insurance."

(a) We are unable to agree with the conclusion of the chancellor that insured was not overinsured against total and permanent disability. While the proof is meager upon the question of insured's income at the time the policy in complainant company was issued, we are of opinion, from inferences reasonably, if not necessarily, to be drawn from the record, that the total benefits of $150 provided by the policy here involved and two other policies in other companies, alluded to hereinafter, materially exceeded the normal earnings of insured.

On cross-examination insured was asked to state the amount of his earnings in 1930, but he refused to do so or to give the court the benefit of information in his possession upon which to base an opinion as to the amount of his income. He evaded all such questions, and we feel warranted in concluding that this information was against his interest. The proof shows that he was a tenant living on a farm owned by his father, consisting of approximately 100 acres, and received from one-third to one-half the crops for his labor. He was then 23 years of age, barely able to read and write, and not equipped to engage in any kind of gainful occupation except manual labor.

The insistence is made by learned counsel that his wife owned a farm and that he received some revenue from that source. We cannot agree that the proceeds from his wife's farm, not cultivated by him, constituted any part of his earnings, for such revenue represents a return upon a capital investment of his wife, and not earnings of insured. Pacific Mutual Life Ins. Co. v. McCrary, 161 Tenn., 389, 32 S. W. (2d), 1052.

(b) We concur with the chancellor in holding that there is insufficient evidence to establish the insistence that insured was suffering from hernia at the time the application was taken and the

policy delivered, although there is testimony in the record strongly suggestive of a contrary view, and particularly that the policy was not delivered until after he was ruptured.

 (c) We cannot agree that no false statements were made by insured at the time the application was made and at the time the policy was delivered.

On the 12th day of May, 1930, insured applied for a policy of life and disability insurance in the Mutual Life Insurance Company of New York. On May 16, 1930, that company delivered to him a $5,000 life policy providing disability benefits of $50 per month. This policy was therefore in force when he applied to complainant company on May 19, 1930, or in any event when the policy was delivered. The policy here involved was not delivered until June 15, 1930, or at some time thereafter. On June 9, 1930, or at least six days before the issuance of the policy in complainant company, he applied for a policy providing for $5,000 life insurance and $50 per month disability income in the Equitable Life Insurance Company, though that policy was not delivered until July 3, 1930.

It is a frequently announced, and, in this state, a thoroughly settled rule that a representation made in an application for insurance is a continuing affirmation of the truthfulness of such representations until the policy is delivered. Harris v. Ins. Co., 130 Tenn., 325, page 327, 170 S. W., 474, L. R. A., 1915C, 153, Ann. Cas., 1916B, 380. In accord, and citing and following the Harris case, is Metropolitan Life Insurance Co. v. McGowan, 2 Tenn. App., 341, 346.

It results, therefore, that, when the contract was consummated by delivery of the policy, insured represented that he was not insured in any other company, when, in fact, he was not only insured by the Mutual policy against death in the amount of $5,000 and against disability in the sum of $50 per month, but he also then had pending an application with the Equitable Life Insurance Company for $5,000 additional life insurance and $50 per month additional disability indemnity.

 The question presented is whether such misrepresentation can be held to be a misrepresentation of a fact material to the risk.

Section 3306, Shannon's Code, provides as follows that:

"No . . . misrepresentation . . . shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation, . . . is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

"The purpose of the statutory provision was to bring technical warranties to the level of representations." Mutual Life Ins. Co. v. Dibrell, 137 Tenn., 528, page 535, 194 S. W., 581, 582, L. R. A., 1917E, 554; Ins. Co. v. Stallings, 110 Tenn., 1, 72 S. W., 960.

In the Dibrell Case cited above, the learned author of the opinion, Mr. Justice Williams, said:

"In other words, it was not the purpose of the statute to make a further change in common law, as set forth in such decisions, so as to require that the matter misrepresented should be one that contributed to the hazard after issuance of the policy, that is, by the death of the insured in order to make the policy invalid." 137 Tenn., p. 535, 194 S. W., 581, 582.

Applicable to the problem here under consideration is the case of Hughes Bros. v. Aetna Ins. Co., 148 Tenn., 293, p. 301, 255 S. W., 363, 365, wherein the learned Chief Justice very pointedly said:

"These cases show that the thing misrepresented need not necessarily be one that increases the hazard in the sense that it actually occasions or contributes to the loss. If on the contrary the matter misrepresented 'increases the risk' involved in the issuance of the policy, in the judgment of the court, then it may avoid the contract.

. . .

"The substance of these cases is that a misrepresentation about any matter of sufficient importance, in the opinion of the court, to naturally and reasonably influence the judgment of the insurer in making the contract, is a misrepresentation that 'increases the risk of loss' within the sense of our statute." Citing Volunteer State Life Ins. Co. v. Richardson, 146 Tenn., 589, 244 S. W., 44, 26 A. L. R., 1270, and Mutual Life Ins. Co. v. Dibrell, 137 Tenn., 528, 529, 194 S. W., 581, L. R. A., 1917E, 554.

Insured would not be any more in danger of becoming totally and permanently disabled with $15,000 life insurance providing for $150 per month disability benefits than he would with $5,000 life insurance and $50 per month indemnity against disability, but we would have to shut our eyes to the frailties and cupidities of human nature to hold that he would not be more likely to surrender to some ailment, real, fancied, or feigned, in order to claim benefits, especially where he is insured for much more than his normal earnings.

These misrepresentations with respect to other insurance were material from another standpoint, namely, that a statement of the true facts would have disclosed, to complainant company, insured's anxiety and haste to procure insurance, and it might and perhaps would have been led to make further inquiry as to insured's character, earning capacity, etc. Mutual Life Ins. Co. v. Dibrell, 137 Tenn., 528, page 536 (c), 194 S. W., 581, L. R. A., 1917E, 554.

As is to be expected, on account of the varying statutory provisions, the authorities are not in harmony as to whether a misrepresentation as to other existing insurance will render the policy void. 4 Couch on Ins., p. 3082. However, we are of opinion that a representation that insured carried no other insurance when in fact he carried and had applied for two other policies, each of equal amount with the one applied for in the complainant company, would be such a misrepresentation as would materially affect the judgment of the in-

surer, and would directly and proximately bear upon the desirability of the risk.

We are of opinion that such misrepresentations need not have been made with intent to defraud, if they were, in fact, material to the risk, but the circumstances of this case are strongly suggestive of such a purpose and intention.

In both the application to complainant company and to the Equitable Life Insurance Company, insured represented that he carried no other insurance. When he applied to the Equitable, he not only had the Mutual policy, but had applied for, and agreed to take, the policy in complainant company. This evidence was admissible on the question of intent (14 R. C. L., p. 1081, sec. 259), and is indicative of a purpose to deceive.

Insured contends that he did not intend to keep any of these policies except the one in complainant company. If so, why did he later make application for the Equitable policy? He also denies that he was asked whether he had applied for other insurance, but the preponderance of the proof shows that he was asked that question. Both of the agents, Manning and Fussell, testified that he was asked that question. He admits, however, that he stated that he was not carrying any other insurance.

We have given this case our most careful consideration, and have reached the conclusion, based upon all the facts and circumstances appearing in the record, that the learned chancellor erroneously denied the relief sought by the bill. The judgment of this court will effect a cancellation and rescission of the policy and adjudge appellee Newton Lee Russell liable for all the costs of the cause, including that in the circuit and justice of the peace courts, as well as all the costs of appeal. The further prosecution of said suit at law will stand perpetually enjoined. The fund tendered into the court will be applied to payment of costs, and balance, if any, will be paid to appellee or his attorney of record. If necessary, in order to subject said funds to payment of costs, the case will be remanded for that purpose.

Portrum and Ailor, JJ., concur.