**KENTUCKY CENTRAL LIFE INSURANCE COMPANY**

**v.**

**Vonda L. JONES and Nancy Gay Jones, beneficiaries of James A. Jones, deceased.**

**No. 1–90–0025.**

United States District Court, M.D. Tennessee, Columbia Division.

Aug. 19, 1992.

Patrick A. Flynn, Fleming, Holloway & Flynn, Columbia, Tenn., for plaintiff.

William Leech, Charles A. Trost, Waller, Lansden, Dortch & Davis, Nashville, Tenn., for defendants.

## MEMORANDUM

HIGGINS, District Judge.

### I. Facts.

This is an action for declaratory judgment arising out of the issuance of a life insurance policy by the plaintiff, Kentucky Central Life Insurance Company, to Mr. James A. Jones. The defendants, Ms. Vonda L. Jones and Ms. Nancy Gay Jones, are beneficiaries under this insurance policy.

On December 17, 1988, James A. Jones completed an application for life insurance with Kentucky Central. In this application, the insurance company asked Mr. Jones whether he had smoked cigarettes during the twenty-four month period preceding his application. Mr. Jones answered "no" to that question, signed the application, and submitted it to the insurance company. Thereafter, Kentucky Central issued a life insurance policy on the life of Mr. Jones in the face amount of $450,000.00 with premiums charged at a non-smoker's premium discount.

On September 19, 1989, Mr. Jones died of acute myocardial infarction. Thereafter, the defendants filed a claim with Kentucky Central in order to receive payments under the policy as beneficiaries. After an investigation, Kentucky Central denied the defendants' claim and filed this action seeking rescission of the policy. The insurance company alleged that, contrary to his statement on his policy application, Mr. Jones smoked cigarettes as late as February, 1988—well within twenty-four months preceding his application. Kentucky Central alleged that, by misstating this fact on his application, Mr. Jones made a material misrepresentation on his application, which increased the risk of loss to the company, and for which the company may declare the policy voidable.

The defendants denied that Mr. Jones smoked cigarettes within twenty-four months of his application, and, thus, denied that Mr. Jones made any misrepresentations on his application. The defendants alleged that Mr. Jones stopped smoking on or before September, 1986, and that he did not smoke from that time through the middle of 1989—that is, after Mr. Jones submitted his application.

This case was tried before a jury. At the close of all the evidence, the Court directed the jury to answer the following question:

"[d]id James A. 'Bud' Jones smoke cigarettes within twenty-four months prior to filing the application with the plaintiff, Kentucky Central Life Insurance Company, on December 17, 1988?" After a period of deliberation, the jury answered "yes" to this question. *See* verdict form (filed June 12, 1992; Docket Entry No. 59).

The sole issue currently before the Court is whether, as a matter of law, Mr. Jones' false statement on his insurance application increased the risk of loss on the part of Kentucky Central so as to constitute a material misrepresentation under Tenn.Code Ann. § 56-7-103.

## II. Discussion.

No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Tenn.Code Ann. § 56-7-103.

 To avoid coverage under this statute, the insurer must prove (1) that an answer given on an insurance application was false, and (2) that the answer was given with the actual intent to deceive the insurer, or that the false answer materially increased the risk of loss to the insurer. *Womack v. Blue Cross and Blue Shield of Tennessee*, 593 S.W.2d 294, 295 (Tenn. 1980). At trial, the plaintiff conceded that Mr. Jones did not make the misrepresentation with the intent to deceive. Kentucky Central argues, however, that Mr. Jones' statement that he had not smoked within twenty-four months prior to his application constituted a misrepresentation about a material matter which increased its risk of loss. The Court agrees.

 "[I]f the insurer claims that the false answer[ ] materially increased the risk of loss a question of law arises." *Womack*, 593 S.W.2d at 295. *Accord Broyles v. Ford Life Insurance Company*, 594 S.W.2d 691, 693 (Tenn.1980). Under the law of the State of Tennessee, a misrepresentation is material, if it is such as would "naturally and reasonably" have influenced the insurer to decline the application for insurance. *Interstate Life & Accident Co. v. Potter*, 17 Tenn.App. 381, 391, 68 S.W.2d 119, 124-25 (1933). *Accord Broyles*, 594 S.W.2d at 693; *Howell v. Colonial Penn Insurance Company*, 842 F.2d 821, 824 (6th Cir.1987). A misrepresentation " 'naturally and reasonably affect[s] the insurer's judgment' [if it] den[ies] the insurer information which they, in good faith, sought to discover, and which they must have deemed necessary to an honest appraisal of insurability." *Johnson v. State Farm Life Insurance Co.*, 633 S.W.2d 484, 488 (Tenn.App.1981). Furthermore, in order to materially affect the risk of loss, it is not necessary that the matter misrepresented actually contributed to the death of the insured.

"[I]t was not the purpose of the statute to make a further change in common law ... so as to require that the matter misrepresented should be one that contributed to the hazard after issuance of the policy, that is, by the death of the insured in order to make the policy invalid."

*Independent Life Insurance Co. v. Russell*, 18 Tenn.App. 622, 626, 80 S.W.2d 846, 847-48 (1934) (quoting *Mutual Life Insurance Co. v. Dibrell*, 137 Tenn. 528, 535, 194 S.W. 581, 582 (1916)). *Accord Volunteer State Life Insurance Co. v. Richardson*, 146 Tenn. 589, 598, 244 S.W. 44, 46 (1922). *See also National Life & Accident Insurance Co. v. American Trust Co.*, 17 Tenn. App. 516, 543, 68 S.W.2d 971, 987 (1933) (" '[i]n Tennessee, false statements as to consumption of intoxicating liquor increase the risk of loss, so as to avoid the policy, if they are reasonably and naturally calculated to affect the insurer's judgment, regardless of whether or not the use of liquor contributed to the death of the insured' "; quoting *Couch on Insurance* ). *See generally Johnson, supra* (insurance policy rescinded due to misrepresentations made on application as to various health ailments,

even though insured died in an automobile accident).

In *Estate of Barnes v. Woodmen of the World Life Insurance Society*, 1991 WESTLAW 241161 (Tenn.App.1991) (unreported opinion; text in WESTLAW), the Tennessee Court of Appeals addressed the issue of whether a misstatement as to smoking constituted a material misrepresentation sufficient to rescind a life insurance policy. In *Barnes*, the plaintiff beneficiaries acknowledged that the decedent had been a smoker, despite the fact that his insurance application stated that he was a non-smoker. The plaintiffs argued, however, that

> the written application was filled out by the agent [of the insurance company] after asking questions of the deceased. The complaint alleges that the agent, Graves, marked the deceased as a non-smoker on the application for insurance but that the agent knew that the deceased was a cigarette smoker. Graves represented that he would receive a [sic] "better annuity benefits" as a non-smoker. The complaint further avers that the deceased relied upon the agent's representation and signed the application with the information thereon that he was not a cigarette smoker.

*Barnes*, 1991 WESTLAW 241161, at 1. Woodmen of the World filed a motion for summary judgment, arguing that, had it known about Mr. Barnes smoking habit, it may have issued the life insurance policy nevertheless, but at a higher premium because of its increased risk. *Id.* The trial court granted summary judgment in favor of the insurance company.

The Tennessee Court of Appeals affirmed the trial court, noting that "it is uncontroverted that the deceased's representations in the application that he was not a cigarette smoker and had last smoked cigarettes in 1983 were false." *Id.* at 3. The Court further stated that

> [i]n the instant case, Woodmen of the World asked specific questions concerning the smoking habits of the prospective insured and also sought corroborative evidence through the facility of its physical examination. Obviously, such information was considered important in considering the issuance of a contract of insurance. *We agree with the trial court that such a representation is material to the risk within the meaning of T.C.A. § 56–7–103.*

*Id.* at 4 (emphasis added).

While *Barnes* is an unpublished decision from an intermediate state court, the Supreme Court of Tennessee has not addressed this specific issue. After reviewing *Barnes*, the Court finds that the decision is sound and serves as persuasive guidance as to how the Supreme Court of Tennessee would rule if presented with this issue. *See Erie Railroad Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *West v. American Telephone & Telegraph Company*, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940). Indeed, the Supreme Court of Tennessee has applied unreported decisions in other circumstances when such decisions "present[ ] the better-reasoned treatment of the issue ... as well as the better result." *Isbell v. Isbell*, 816 S.W.2d 735, 738 (Tenn.1991). Accordingly, the Court finds that *Barnes* adequately states the law of the State of Tennessee for the purposes of *Erie, supra.*

■ In light of *Barnes*, the Court finds that Mr. Jones' misrepresentation on his application as to his smoking habit increased the risk of loss of Kentucky Central, and was, therefore, material. The Court finds, as a matter of law, that information regarding the smoking habit of an insurance applicant naturally and reasonably affects the judgment of an insurer. The perception of smoking tobacco, especially cigarettes, as hazardous to one's health is pervasive in this country, and not without empirical basis. While the Court does not pass judgment on the dangers of smoking per se, the Court believes that information concerning the smoking habit of an insurance applicant is reasonable and "necessary to an honest appraisal of insurability." *Johnson*, 633 S.W.2d at 488.

■ The defendants argue, however, that "no less than where the question of fact for the jury is concerned, plaintiff

bears the burden of proving by a preponderance of the evidence that the misrepresentation materially increased its risk of loss." Defendants' post-trial memorandum of law (filed July 23, 1992; Docket Entry No. 65) at 10. The defendants further argue that the Court "is constrained to the record in the present case and should not consider matters outside the record or base its decision on facts or evidence not part of the record in the present case." *Id.* The Court disagrees.

The defendants lose sight of the fact that, as stated above, "if the insurer claims that the false answer[ ] materially increased the risk of loss a question of law arises." *Womack*, 593 S.W.2d at 295. *Accord Broyles v. Ford Life Insurance Company*, 594 S.W.2d 691, 693 (Tenn.1980). As a question of law, the Court is not restricted to the boundaries of the record. Instead, the Court must, of necessity, look beyond the record to the statute and the construction of the statute by the courts of the State of Tennessee. By arguing that Kentucky Central has not met its burden "by a preponderance of the evidence," the defendants would have the Court use the facts in this case to ascertain the law, rather than apply the law of Tennessee to the proven facts. This, the Court cannot do. As the Supreme Court of Tennessee has stated,

> [i]t is not to be left to the insurance company to say after a death has occurred that it would or would not have issued the policy had the answer been truly given. It is true the practice of an insurance company with respect to particular information may be looked to in determining whether it would have naturally and reasonably influenced the judgment of the insurer, but no sound principle of law would permit a determination of this question merely upon the say so of the company after the death has occurred. *The matter misrepresented must be of that character which the court can say would reasonably affect the insurer's judgment.*

*Volunteer State*, 146 Tenn. at 606, 244 S.W. at 49 (emphasis added). *Accord Broyles*, 594 S.W.2d at 693. As stated above, the Tennessee Court of Appeals has stated that, as a matter of law, questions regarding the smoking habits of applicants for insurance are matters which increase the risk of loss to the insurer and affect the insurer's judgment. The Court cannot ignore this pronouncement.

■ Finally, the defendants argue that Kentucky Central's own policy applications

> establish that the question whether Bud Jones had smoked in the two years preceding his application was not necessary to an *honest* appraisal of insurability. So long as he was not smoking at the time of his application ... plaintiff admits, through its agents, that it would have sought no change in the policy premiums or benefits if Bud Jones resumed smoking *the day after his application.* Plaintiff did not even require Bud Jones to notify the ɔmpany if he resumed smoking. Thus, since a resumption of smoking by Bud Jones after the date of the application would admittedly have had *no* effect upon his premium or benefits, it is plainly evident that the question whether Bud Jones had smoked at some point in the past was not necessary to an appraisal of insurability.

Defendants' post-trial memorandum of law at 19–20 (emphasis in original). The defendants, therefore, criticize the two-year pre-application range as arbitrary.

This issue was addressed by the Sixth Circuit Court of Appeals in *Howell v. Colonial Penn Insurance Company, supra.* In *Howell*, the plaintiff applied for a homeowner's insurance policy. In response to a question on the application, the plaintiff stated that he had not made any homeowner's insurance claims within the three years preceding his application. *Howell*, 842 F.2d at 822. The plaintiff's statement was incorrect, as he had filed a claim for a fire loss "only 18 days shy of being outside the three years period...." *Id.* at 825. The plaintiff challenged the three year period as arbitrary and argued that "the misrepresentation as to that fact cannot be said to increase the risk of loss as a matter of law and should not be held to void the

**58**

insurance policy on summary judgment."
*Id.*

Responding to the plaintiff's challenge, the Sixth Circuit stated,

> [w]hile admittedly this argument has some emotional appeal, it cannot succeed. The time period was clearly and specifically stated, and Howell had a duty to answer the question truthfully. By arguing in essence that his answer was "close enough," Howell invites this court to engage in arbitrary line drawing. We refuse this invitation. Courts would be taking on an impossible task if they were to second guess every factor an insurance company uses in making its coverage decisions. Instead, under Tennessee law, in order to conclude that a misrepresentation increases the risk of loss a court need only find that the matter misrepresented would reasonably affect the insurer's judgment. *Broyles*, 594 S.W.2d at 693. Such can be said of the misrepresentation here.

*Howell*, 842 F.2d at 825.

The Court agrees with the Sixth Circuit's analysis. While the period of two years might seem to be no different than, for example, one year and six months, the relevant inquiry is whether the information is such that the insurer "in good faith, sought to discover, and which [the insurer] must have deemed necessary to an honest appraisal of insurability." *Johnson*, 633 S.W.2d at 488. The Court finds that, while the two-year period used by Kentucky Central may not be the most sophisticated method of appraising insurability, information obtained pursuant to this question would reasonably affect the insurer's judgment. It should be remembered that the issue is not whether Mr. Jones nevertheless would have obtained insurance from Kentucky Central if he had answered the question accurately, but whether, as a matter of law, material information was withheld so as to invalidate *this* insurance contract with *this* premium rate. The Court finds that Mr. Jones withheld such information from Kentucky Central. Therefore, the contract is void.

III. Conclusion.

For the reasons set forth above, the Court finds that Mr. Jones' incorrect statement on his insurance application increased the risk of loss to Kentucky Central, and constituted a material misrepresentation under Tenn.Code Ann. § 56–7–103. Accordingly, the Court finds in favor of the plaintiff, Kentucky Central.